## Wheelock v. Fuellhart et al., Appellants.

*Highways—Depositing material upon road—Trespass.*

No one has the right to deposit and maintain material upon a highway without the consent of the person who owns the fee in the soil of the road.

Plaintiff, under an agreement with defendant, the owner of the soil of a highway, deposited lumber and bark upon the road; and when the agreement had expired he refused to remove it. Defendant then transferred the lumber from the road to her own land, but there was no evidence that she claimed or intended to claim it, or prevented plaintiff from moving it. *Held*, that plaintiff could have removed the lumber from defendant's land without becoming liable to her as a trespasser, and that he was not entitled to damages for the removal of the lumber from the road.

In the above case plaintiff claimed that part of the lumber had been placed upon a portion of the road appropriated by a railroad company. It did not appear that any portion of the land had been condemned by the

company, and three witnesses for defendant testified that the platform upon which the lumber was piled was wholly within the public road, while plaintiff himself testified that it was "almost entirely on the public highway." *Held*, that a jury ought not to have been permitted to find on this evidence that plaintiff's lumber and bark were taken by defendants from the railroad company's land.

Argued May 3, 1893.   Appeal, No. 338, Jan. T., 1893, by defendants, Henry Fuellhart, Carl Horn and Simeon Dunn, from judgment of C. P. Warren Co., Sept. T., 1890, No. 25, on verdict for plaintiff, Jesse J. Wheelock.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Trespass for taking and converting bark and lumber.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

" The plaintiff, it seems, entered into a contract with Mrs. Philopena Fuellhart, a year or two prior to the occurrence out of which this suit grows, by which she granted to him the right of way across her land, and the right of piling lumber for shipment along the railroad.   Acting under the contract, and in pursuance of the right which he had acquired under it, the plaintiff repaired and partly constructed a platform along the railroad for the shipment of lumber and bark, and used it for that purpose during the time limited in the contract.   This contract, which is in writing, provides that it shall terminate on the 1st day of June, 1890, without further notice.   Some time after the first day of June, as all the evidence agrees— though perhaps the precise date is not certain—the plaintiff had some lumber and bark on the platform.   The defendants, Carl Horn and Simeon Dunn, took that bark and lumber, or some of it, from where it was on the platform, removed it to other places in the vicinity and left it there.   [It is alleged by the plaintiff that this was done by the two defendants, by the direction and under supposed authority conferred by Henry Fuellhart, but this is a matter in dispute.   A witness, Mr. Morrison, testifies that Mr. Fuellhart at one time stated to him that he had authorized what was done by Dunn and Horn, and by Morrison, who also participated in it, although he is not sued, and that he would protect them in it, or defend them, or something of that sort.   This Mr. Fuellhart himself denies, and he testi-

fies he not only never said so, but that he never had any authority from his mother, nor gave any directions to Dunn or Horn, or any other person, to interfere with the plaintiff's property. From the evidence you will have to determine how the fact is. If he had nothing to do with it, and did not direct them in any way, of course he is not in any way responsible, but that is not perhaps of great importance, as it is conceded Dunn and Horn did take the property away.] [4]

" It is shown by record evidence that prior to the time when this property was removed from the platform, to wit, on the 26th day of May, the Western N. Y. & Penn'a R. R. Co., by petition to the court, filed a bond to indemnify Mrs. Fuellhart against any damages by reason of their appropriation of the land which lay between the railroad and the public road in a wedge shape; and part of which is said to have been covered by this platform. . . . [If you find that the property was taken from the land appropriated by the railroad company, and where it had a right to be, by these defendants, then it was wrongfully taken, was a trespass, and plaintiff would be entitled to recover something.] [3]

" [In the absence of evidence that Mrs. Fuellhart consented, or gave notice that he might go upon her land to take the property, I think that removing the property to her land, where the plaintiff could not reach it without trespassing, would entitle him to recover its value. It would amount substantially to an appropriation, although not a conversion to her own use.] [1]

" [You must determine where the property was, whether rightfully or wrongfully taken. If wrongfully or rightfully taken, then was it so placed that the plaintiff could get it on the highway, get it without trespassing? Were any means offered him by which he could retake his property rightfully? If so, then his damages must be limited to what loss he has suffered by reason of the removal.] [2]   There is no evidence that I am aware of showing how much that is, but, if it was so placed that he would be obliged to trespass upon other people's property to get his property back, it was such an appropriation as would entitle him to recover its value."

Verdict and judgment for plaintiff for $63.00.   Defendants appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*W. W. Wilbur, W. Schnur,* with him, for appellant.—Where a street or road is called for as a boundary in a contract for the sale of land, the middle of the street is always intended unless the contrary plainly appears: Hobson v. Phila., 150 Pa. 597; Firmstone v. Spaeter, 150 Pa. 616.

The right of soil in a highway resides in the proprietor of the land over which it has been laid, and he may maintain trespass against one who deposits and maintains material thereon: Lewis v. Jones, 1 Pa. 336; Lance's Ap., 55 Pa. 26; Phillips v. R. R., 78 Pa. 180; Ry. v. Com., 90 Pa. 306.

Whether rightfully or wrongfully moved and placed on Mrs. Fuellhart's lands, plaintiff could enter on her lands and take the lumber without subjecting himself to even nominal damages: Chambers v. Bedell, 2 W. & S. 225; 1 Addison on Torts, § 375.

The submission in the third assignment of error was without a particle of evidence.

*Samuel T. Neill, S. P. Lindsey* and *J. O. Parmlee* with him, for appellee.—By the contract Mrs. Fuellhart gave plaintiff the right to use this platform, and thereby encouraged him to occupy it, and she is now estopped from alleging that he was trespassing on the highway in using any part thereof: 4 Am. L. Cas. on Real Prop. 184; Kingston's Case, 3 Smith's L. Cas. (9 Am. ed.) 2114.

Even if plaintiff had no right to have his lumber and bark remain on this platform after the expiration of his lease, Mrs. Fuellhart had a remedy for any injury suffered thereby.

The railroad company having taken possession of the land of Mrs. Fuellhart and of this platform, she had no longer any right thereon superior to that of plaintiff.

Defendants, having taken possession of plaintiff's property under the pretence of authority from Mrs. Fuellhart to remove it for her own purpose, cannot justify on the ground that they were removing an obstruction from the public highway.

OPINION BY MR. JUSTICE McCOLLUM, November 13, 1893:

The appellee, under and by virtue of his agreement with Mrs. Philopena C. Fuellhart, acquired the privilege of piling

his lumber and bark on the platform for the purpose of shipment on the railroad, which privilege, by the express terms of that agreement, expired "without further notice," June 1, 1890. When the privilege expired there was a quantity of his lumber and bark on the platform, and Mrs. Fuellhart was desirous of having it removed in order that another party to whom she had granted a like privilege might pile his lumber and bark there for a like purpose. Accordingly the appellee was notified by her to remove his lumber and bark, and as he paid no attention to the notice, the appellants, on June 16, 1890, acting for and under orders from Mrs. Fuellhart, hauled the lumber and bark a short distance from the platform, and piled some of it by the roadside and some of it on her land. The appellee then brought this action against them to recover the damages he alleges he sustained by the removal of his property. It is manifest at the outset that if they did no more than Mrs. Fuellhart had a right to do there can be no recovery against them. We look therefore to the agreement between the appellee and Mrs. Fuellhart to discover what their respective rights were on the first of June, 1890, in reference to the occupancy and use of the platform and the ground covered by it. It was plainly the duty of the appellee to surrender his possession of the property to Mrs. Fuellhart, from whom he received and under whom he held it, and to remove his lumber and bark therefrom. If he refused or neglected to discharge this duty, she had an undoubted right to take possession of the ground to which the privilege he acquired under their agreement extended, and, to enable her to do so, to remove from it his timber and bark. It was her duty to exercise this right without violence or a breach of the peace, and without inflicting unnecessary injury upon his property. We cannot find on this record any evidence which would justify a finding that in the removal of the property there was any unnecessary waste of or injury to it.

But the appellee contended in the court below and contends here that Mrs. Fuellhart had no right on the first of June, 1890, or thereafter, to the possession of the land to which his privilege applied, or to remove therefrom his lumber and bark, because he says the land was either in the public highway or appropriated by the railroad company. The learned judge of the court below instructed the jury that if the lumber and bark

in question " was piled within the lines of the public highway and remained there after the rights which the plaintiff had acquired under the contract had expired, then it was wrongfully there, and Mrs. Fuellhart might cause it to be removed, doing no more damage in removing it than necessary to accomplish the purpose," and also that if " the property was taken from the land appropriated by the railroad company . . . . the plaintiff would be entitled to recover something." The portion of the charge last quoted is the subject of the third specification of error. In support of this specification the appellants contend that the evidence is insufficient to warrant a finding that the appellee's lumber and bark were on land appropriated by the railroad company, and in this contention they appear to be well sustained by the record. There is certainly no evidence that the company appropriated any part of the public highway, or that it exercised any control over the platform or the ground covered by it. The right of Mrs. Fuellhart to use the platform and to grant privileges to others to use it does not appear to have been questioned by the company, at any time. No witness testified that any portion of the lumber and bark removed by the appellants was on land condemned by the company. But Henry Fuellhart, Charles Fuellhart and Carl Horn testified, distinctly and positively, that the platform was " wholly within the public road," and the appellee testified that it was "almost entirely on the public highway." The jury ought not to have been permitted to find on this evidence that the appellee's lumber and bark were taken by the appellants from the railroad company's land.

We have no doubt that the appellee could have taken his property from Mrs. Fuellhart's land without becoming liable to her as a trespasser. It was not appropriated by her, and there is nothing on the record to indicate that she claimed or intended to claim it. He knew where it was and had an undisputed right to take it. He cannot therefore charge her or the appellants with any loss he may have sustained by his neglect to do so.

The first, second and third specifications are sustained, and the fourth is overruled.

Judgment reversed.